IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEKERE EDOKPA** | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | **CAUSE NO. _____** |
| | ) | |
| **MAINTENANCE BUILDER'S SUPPLY LTD.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|     **Defendant.** | ) | |

## ORIGINAL COMPLAINT AND JURY TRIAL REQUEST

COMES NOW, the plaintiff, Tekere Edokpa ("Plaintiff") to file this Original Complaint for her private action, seeking redress for employment discrimination, retaliation and wrongful discharge. Based on Plaintiff's personal knowledge of events and upon information and belief, she respectfully submits the following in support of her action for damages:

### VENUE AND JURISDICTION

1. The Court has original jurisdiction over the claims in this cause of action because they arise under Federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) *et seq.* ("Title VII"), to correct unlawful employment practices on the basis of gender/pregnancy, and retaliation based on Plaintiff's participation in protected activity. Venue is proper in this Court pursuant to 28 U.S.C.A. §1391.

2. This Court has supplemental jurisdiction over the State law claim in this complaint (brought under Texas Labor Code §§ 21.001, *et seq.*) pursuant to 28 U.S.C.A. §1367 because the claim is so related to the claims within this Court's original jurisdiction that it forms part of the same case or controversy under Article 3 of the U.S. Constitution.

**PARTIES**

3. Plaintiff is a resident of the State of Texas, Harris County, within this Court's district.

4. Defendant, Maintenance Builder Supply Ltd. ("Defendant") is a Texas limited partnership doing business in Harris County. Plaintiff hereby notifies Defendant that Plaintiff is suing Defendant in all of its assumed names, its partnerships and joint ventures pursuant to Texas Rule of Civil Procedure 28. Defendant may be served through its registered agent for service of process, John Marcus Beatty, 1418 Brittmoore Road, Houston, Texas 77043 or wherever he may be found.

**FACTS**

5. Defendant hired Plaintiff as a Customer Service Representative ('CSR") in summer of 2015. Defendant told her she would be handling the accounts of three builders that are Defendant's customers. On or about August 18, 2015, however, Plaintiff informed her immediate supervisor, Ms. Garza, that she found out she was pregnant. Garza responded, "Wow…are you going to keep it?" Shocked at Ms. Garza's reaction, Plaintiff affirmed that she would be keeping her child. Ms. Garza then stated she wished she would've known that before, because that fact changed all her plans for Plaintiff.

6. A few days later, Ms. Garza informed Plaintiff that her initial job duties were being changed to only performing data entry and completion of mirror orders. This was a *de facto* demotion, and adverse employment action. When Plaintiff inquired as to why she was being demoted, Ms. Garza stated she did not have time to train Plaintiff. However, during that same time, Ms. Garza was taking the time to train another, non-pregnant, employee who began approximately two weeks after Plaintiff's official start date. Plaintiff even went as far as offering to stay late or arrive early in order to receive the needed training, but Ms. Garza rejected the offer.

7. Later that week, a fellow employee informed Plaintiff that Ms. Garza had admitted to her that if Ms. Garza knew Plaintiff was pregnant, she would have never hired her. Ms. Garza reportedly went on to say that she's not going to "waste her time training Plaintiff" since she was "not going to be working for [Defendant] long anyway."

8. Not long after learning about Ms. Garza's comments, Plaintiff decided to make a formal complaint. She initially went to Ms. Garza's supervisor, Ms. Fernandez, in an effort to find out with whom in the human resources department she needed to file her formal complaint. Ms. Fernandez informed Plaintiff that Defendant did not have a human resources department and that Ms. Fernandez was the only "human resources manager" and would handle any complaints that Plaintiff had.

9. Plaintiff gave Ms. Fernandez a detailed account of how Plaintiff had been discriminated against because of her pregnancy, the comments Ms. Garza made, the unwillingness of Ms. Garza to properly train her, and her demotion in job responsibilities. Ms. Fernandez apologized for the way Plaintiff had been treated and promised to speak with Ms. Garza about the lack of training, among other things. The following day, Plaintiff and Ms. Garza were called into Ms. Fernandez's office. At that meeting, Ms. Garza and Ms. Fernandez promised Plaintiff that she would receive her requested training and begin working as the CSR for three builders as promised during her interview. During that same meeting, Ms. Fernandez mentioned that she and other supervisors thought Plaintiff was doing a great job. She even stated that if Plaintiff made many mistakes, she could not tell and that no one had complained.

10. Following the meeting with Ms. Garza and Ms. Fernandez, three more weeks went by without Plaintiff receiving even a mention of any training. On September 18, 2015, Plaintiff made a mistake on purchase orders for mirrors. Later that day, she received a call from a sales supervisor, Mr. Deleon, who asked her how comfortable she was with her current duties. Plaintiff did not hide her feelings, telling Mr. Deleon that she was uncomfortable at times because she was never provided proper and complete training related to her duties. Mr. Deleon suggested that Plaintiff see Ms. Fernandez since Plaintiff had been with Defendant for quite

some time. He also stated that it was not acceptable that Ms. Garza had not trained Plaintiff and that she Plaintiff was doing a good job for someone with no training.

11. On that same day, Plaintiff visited Ms. Fernandez and informed her that absolutely nothing had changed since their last meeting. Plaintiff had yet to be trained and begin working as the CSR for the three builders to which Defendant promised she would be assigned during the initial interview. During this office visit, Ms. Fernandez defended Ms. Garza instead of apologizing and attempting to resolve the situation. Ms. Fernandez even stated that Ms. Garza may have "just forgotten" to teach Plaintiff.

12. A few days later, Plaintiff was called into Ms. Fernandez's office. Ms. Garza was present with Ms. Fernandez. They told Plaintiff that they (Ms. Garza and Ms. Fernandez) had done a "ninety-day review" of her performance and they did not feel Plaintiff was a "good match for the company." To add insult to injury, when Plaintiff asked Ms. Fernandez why she was being terminated, Ms. Fernandez told her that she did not have to give her a reason and instructed Plaintiff to call Defendant's human resources department. Ms. Fernandez even gave Plaintiff the number to a company that serves as Defendant's Human Resources management department when, only weeks before, Ms. Fernandez concealed this information when Plaintiff wanted to lodge a formal complaint.

## CAUSE OF ACTION- GENDER/PREGNANCY DISCRIMINATION

13. Plaintiff incorporates paragraphs 1-12 by reference as if set forth fully here.

14. At the time of the events outlined above, Plaintiff was a pregnant female. Her gender and pregnant condition placed her in a federally protected class under Title VII. During the course of her employment, up to and including her termination, Plaintiff was subjected to discrimination at her workplace because Defendant refused to adequately train her and treated her unequally in the terms and conditions of her employment, because she was pregnant.

15. The behavior of Defendant's supervisory employees, for which Defendant is liable, was motivated by discriminatory animus. Because of Defendant's discriminatory behavior, Plaintiff has suffered damages that were the direct and proximate result of Defendant's violations of Title VII, and for which Defendant is liable.

### CAUSE OF ACTION- RETALIATION IN VIOLATION OF TITLE VII

16. Plaintiff incorporates paragraphs 1-15 by reference as if set forth fully here.

17. Defendant's actions after Plaintiff attempted to lodge a formal complaint- i.e., concealing the very fact that there was human resources personnel to which Plaintiff could have complained of discrimination before she was terminated, failing to do anything about the discrimination complaints that were lodged with Ms. Fernandez, and then summarily terminating Plaintiff for pre-textual reasons - amount to retaliation and retaliatory discharge in violation of Title VII.

18. Defendant's behavior up to and including its termination of Plaintiff, was an adverse employment action. Defendant's actions and adverse employment action against Plaintiff in violation of the Title VII anti-retaliation provisions have caused Plaintiff to suffer damages that were the direct and proximate result of Defendant's violations of the Title VII anti-retaliation provisions, and for which Defendant is liable.

### CAUSE OF ACTION- DISCRIMINATORY DISCHARGE: TEXAS LABOR CODE

19. Plaintiff incorporates paragraphs 1-18 by reference as if set forth fully here.

20. Defendant's actions and failure to act, Defendant's actions after Plaintiff attempted to lodge a formal complaint- i.e., concealing the very fact that there was human resources personnel to which Plaintiff could have complained of discrimination before she was terminated, failing to do anything about the discrimination complaints that were lodged with Ms.

Fernandez, and then summarily terminating Plaintiff for pre-textual reasons- also violated the Texas Commission on Human Rights Act, Texas Labor Code § 21.001, et seq., which provides, in pertinent part that "An employer…commits an unlawful employment practice if because of …sex…the employer: …discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Texas Labor Code § 21.051.

21.     Because of Defendant's discriminatory behavior outlined herein, Plaintiff has suffered damages that were the direct and proximate result of Defendant's violations of Texas Labor Code, and for which Defendant is liable.

## DAMAGES

22.     Defendant's actions and failures to act have caused Plaintiff to suffer harm, including without limitation lost earnings, lost benefits and other severe financial losses, as well as humiliation, embarrassment, emotional and physical distress and mental anguish.

23.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard to Plaintiff's rights, entitling her to punitive damages.

24.     Plaintiff has found it necessary to retain legal counsel to obtain remedies for the discrimination, retaliation and retaliatory discharge outlined above in this Complaint. As such, reasonable attorney fees and costs of the litigation should be awarded to Plaintiff, as permitted by Title VII and the Texas Labor Code.

## CONDITIONS PRECEDENT

25.     All conditions precedent to Plaintiff's claim for relief were performed or have occurred, including without limitation, exhaustion of her administrative remedies by timely

submission of his charge to the EEOC and compliance with the Complaint filing deadline established in the EEOC's Right to Sue letter.

## JURY REQUEST

26. Plaintiff requests a trial by jury of the causes of action asserted in this Complaint and tenders the appropriate fee.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tekere Edokpa, respectfully asks that this Court enter a judgment in her favor granting the following relief to Plaintiff:

    a.    Back pay and front pay;

    b.    Lost benefits;

    c.    Other actual damages for lost compensation and job benefits to which she is entitled under law and equity;

    d.    An award of litigation costs and expenses, including reasonable attorneys' fees;

    e.    Pre-judgment and post-judgment interest;

    f.    Punitive damages; and

    g.    All other relief to which Plaintiff is entitled under law and equity.

Dated March 1, 2016

Respectfully submitted this day,

By: */s/ Marrick Armstrong*
_____

Marrick Armstrong, Attorney-in-Charge
Armstrong Legal PLLC
State Bar No. 24057695
Derrick A. Reed
Reed, PLLC
State Bar No. 24053780

2016 Main Street, Ste. 111
Houston, Texas 77002
Telephone:  (832) 622-6562
Fax:          (281) 809-8735
Email: Marrick@ArmstrongLegalPLLC.com